**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALI INC.,
<u>Plaintiff-Appellee,</u>

v.                                                                   No. 95-2688

COLD HARBOR ASSOCIATES, L.P.,
<u>Defendant-Appellant.</u>

ALI INC.,
<u>Plaintiff-Appellant,</u>

v.                                                                   No. 95-2801

COLD HARBOR ASSOCIATES, L.P.,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-95-197, BK-94-33996-S)

Argued: April 3, 1996

Decided: May 9, 1996

Before MICHAEL and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed and remanded with instructions by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Michael Allen Condyles, MALONEY, BARR & HUEN-NEKENS, P.C., Richmond, Virginia, for Appellant. James MacNeill Nolan, MAYS & VALENTINE, Richmond, Virginia, for Appellee. **ON BRIEF:** Daniel A. Gecker, Susan Elaine Sieger, MALONEY, BARR & HUENNEKENS, P.C., Richmond, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a bankruptcy appeal. ALI, Inc., as sole petitioning creditor, put Cold Harbor Associates, L.P. (a Virginia limited partnership) into involuntary bankruptcy under Chapter 11. The bankruptcy court issued an order for relief, and Cold Harbor appealed to the district court on several grounds. In the district court Cold Harbor claimed (for the first time) that because it had twelve or more creditors, it would take at least three of its creditors to place it into involuntary bankruptcy. See 11 U.S.C. § 303(b). Cold Harbor told the district court that it did not assert the three-petitioner requirement in its answer because "the actual number of its creditors was not known until depositions were concluded the day before the scheduled trial" in bankruptcy court. See Appellant's Supp. Brief at 3. The district court concluded that "[w]ithout the benefit of factual findings from the Bankruptcy Court, [it was] unable to rule on whether ALI can qualify as a sole petitioning creditor." Accordingly, the district court "remanded [the case] to the Bankruptcy Court for a determination as to the number of holders of claims against Cold Harbor at the time the involuntary petition was filed."[1]

_____

[1] Apart from the remand on the three-petitioner issue, the district court affirmed the bankruptcy court by holding (1) that ALI's status as a non-

2

Notwithstanding the remand to bankruptcy court, Cold Harbor appealed to this court "those aspects of the District Court Order that affirmed the Bankruptcy Court Order." See Appellant's Opening Brief at 5. ALI cross-appealed the portion of the district court order that remanded for findings on the three-petitioner issue.

After initial briefing we asked the parties for supplemental briefing on the question whether, in light of In Re The Wallace & Gale Co., 72 F.3d 21 (4th Cir. 1995), we have jurisdiction to hear this appeal. In Wallace & Gale certain parties applied under 28 U.S.C. § 158(a) for leave to appeal the bankruptcy court's interlocutory order to the district court. The district court remanded the case with the instruction that the bankruptcy court certify (under a local rule) whether the order on which appeal was sought warranted immediate review. Certain parties noticed an appeal to us from the district court's remand order. We dismissed the appeal, holding that we lacked jurisdiction because the district court's remand order was neither final nor an appealable interlocutory order.

ALI argues that the district court's order here may be treated as a final order because Cold Harbor waived the issue remanded (the three-petitioner issue) by not raising it before the bankruptcy court. We, however, do not believe that the order can be considered final. The district court was aware of ALI's waiver argument but nevertheless believed that a remand for factfinding on the number of creditors was necessary. As a result, the district court expressly deferred determination of the three-petitioner issue. Under these circumstances, it would not be appropriate for us to decide the waiver issue (and thus perhaps the three-petitioner issue) in the first instance. Although we have no idea at this stage how this subject will or should be resolved, it at least has the potential to be dispositive of the case.

_____

recourse creditor did not prevent it from filing the involuntary petition, (2) that Cold Harbor was generally not paying its debts as they came due, and (3) that the involuntary petition should not be dismissed either under section 305(a) of the Bankruptcy Code or on the ground that the petition was filed in bad faith.

3

Because the district court's order is, in important part, a remand order, it is non-final and therefore not appealable. See Wallace & Gale, 72 F.3d at 24.**2** Accordingly, we dismiss this appeal for lack of jurisdiction, and we remand the case to the district court with instructions to remand it to the bankruptcy court for further proceedings in accordance with the district court's remand order. See id. at 25; 28 U.S.C. § 2106.

DISMISSED AND REMANDED WITH INSTRUCTIONS

_____

**2** We also disagree with ALI's fleeting suggestion that the district court's order is an appealable interlocutory order under the collateral order doctrine. "To be reviewable under that doctrine, an order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action and be effectively unreviewable on appeal from a final judgment." Wallace & Gale, 72 F.3d at 24 (citations and internal quotations omitted). The remand order here does not meet this test. The district court expressly deferred a determination of the three-petitioner issue, and the issue would be reviewable on appeal from a final judgment.

Finally, the district court did not certify this appeal under 28 U.S.C. § 1292(b).

4